UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IMPOUNDED NAME 'STUDENT'<br>BSEA NO.1301349,<br><br>      Plaintiff,<br><br>v.<br><br>REECE ERLICHMAN,<br>Director<br>COMMONWEALTH OF MASSACHUSETTS<br>DIVISION OF ADMINISTRATIVE LAW<br>APPEALS<br>BUREAU OF SPECIAL EDUCATION<br>APPEALS<br>And<br><br>QUINCY PUBLIC SCHOOLS<br>LOCAL EDUCATION AGENCY<br><br>      Defendants. | Civil Action<br>No.<br><br><br><br><br>From:<br>Suffolk County Superior Court<br>Civil Action No. SUCV13-03351C |

## DEFENDANT'S NOTICE OF REMOVAL
## AND CONSENT OF OTHER DEFENDANTS

Pursuant to 28 U.S.C., §§1441 and 1443, defendant Quincy Public Schools (Quincy) files this Notice of Removal of the above-captioned action to the United States District Court for the District of Massachusetts from the Superior Court of Suffolk County, Massachusetts where the action is now pending. In support thereof, defendant states:

1. The above-captioned action was commenced on September 20, 2013, in the Superior Court for Bristol County, Commonwealth of Massachusetts, and is now pending in that court as Civil Action No. SUCV13-03351C. The plaintiff filed an amended complaint adding

Quincy as a defendant on December 13, 2013, but failed to serve Quincy with the summons and complaint until April 29, 2014. A copy of the summons and amended complaint served upon Quincy as well as a copy of Quincy's limited appearance and opposition to plaintiff's request for default which was sent to Quincy's counsel by the Assistant Attorney General, as well as additional papers served on counsel by the plaintiff are attached hereto as Exhibit 1 and are incorporated herein by reference.

2. Plaintiff characterizes this case as an "amended action to appeal the final decision of the Bureau of Special Education Appeals (BSEA)…pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 USC Sec. 1400 et seq., Section 504 of the Rehabilitation Act of 1973 (29 USC Sec. 794)," and Massachusetts law. Amended Complaint, p.1, but claims her appeal is "actionable under G.L. C.30A, §14(7)" (Amended Complaint, p.6). that is, an appeal under state law from the decision of an administrative agency. The decision of the administrative agency was made pursuant to a federal cause of action, 20 U.S.C. §§1400-1487, and jurisdiction over plaintiff's appeal arises out of 20 U.S.C. §1415(i)(2). Further, in addition to appealing from the administrative decision, plaintiff seeks an order that the Student at issue is "eligible for compensatory services for vocational training…, transitional evaluations and transportation to and from training and testing" pursuant to, *inter alia,* 20 USC 1400 et.seq.

3. The United States District Court for the District of Massachusetts has original jurisdiction pursuant to 28 U.S.C. § 1331 of a civil action arising under the laws of the United States. Since this action is based upon and arises under the Individuals with Disabilities Education Act (IDEA), as well as state law, it is properly removable to federal court pursuant to 28 U.S.C. §1441(a) and (b). 28 U.S.C. §1441(a) provides that "any civil action brought in a

State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441 (b) provides that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." Thus, IDEA cases are removable. Maroni v. Pemi-Baker Regional School Dist., 346 F.3d 247, 258 (1st Cir. 2003)

4. Moreover, 29 U.S.C. §1441(c) provides that "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or cause of action, the entire case may be removed and the district court may determine all issues therein." To the extent the complaint in this case states a claim or claims under state law, those claims may also be determined by this Court.

5. Defendants will give written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d) and as documented in the Certificate of Service below.

6. A copy of this Notice of Removal is being filed with the clerk of the Suffolk County Superior Court as required by 28 U.S.C. §1446 (d). A copy of the cover letter to that Court is attached hereto as Exhibit 2 and is incorporated herein by reference.

7. Defendant, Reece Erlichman, et al., consents to removal as documented by the signature of Assistant Attorney General Julia Kobick, on the assent below.

WHEREFORE, Quincy requests that this action proceed in this Court as an action properly removed to it.

Dated at Quincy, Massachusetts this 5th day of May, 2014.

Quincy Public Schools,
By its attorney,

Doris R. MacKenzie Ehrens
BBO # 544252
MURPHY, HESSE, TOOMEY & LEHANE, LLP
300 Crown Colony Drive, Suite 410
Quincy, MA 02269-9126
(617) 479-5000
FAX: (617) 479-6469

## CO-DEFENDANTS' CONSENT TO REMOVAL

Defendant Reece Erlichman, Director, Commonwealth of Massachusetts, Division of Administrative Law Appeals, Bureau of Special Education Appeals consent to removal of this action from Suffolk County Superior Court to the United States District Court for the District of Massachusetts.

Defendants Reece Erlichman, et al.,
By her attorney,

Julia Kobick, BBO # 680194
Massachusetts Attorney General's Office
Government Bureau
One Ashburton Place
Boston, MA 02108
(617) 963-2559
Fax: (617) 727-5785

## CERTIFICATE OF SERVICE

I, Doris R. MacKenzie Ehrens, hereby certify that this document filed through the CM/ECF system will be sent electronically and by first class mail, postage prepaid to Julia Kobick, Assistant Attorney General, Office of the Attorney General, One Ashburton Place, 20th Floor, Boston, MA, 02108, counsel of record for Reece Erlichman, Director, Bureau of Special Education Appeals, *et al.*, the registered participants as identified on the NEF and by first class mail, postage prepaid to plaintiff's guardian, Eileen Mullen, *pro se*, 17 Trafford Street, Quincy, MA 02169, on this 5th day of May, 2014.

/s/ Doris R. MacKenzie Ehrens
Doris R. MacKenzie Ehrens