# Commonwealth of Massachusetts



SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. *SUCV2013-3351C*

*Impounded Name "Student"*_____, Plaintiff(s)

v.

*Reece Erlichman Dir*_____, Defendant(s)
*Bureau of Special Educ. Appeals*
*et al*      **SUMMONS**

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

To the above-named Defendant: *Quincy Public Schools*

You are hereby summoned and required to serve upon *Eileen M. Mulley*
*17 Trafford Street   Quincy, MA 02169*
~~plaintiff's attorney, whose address is~~ _____, an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the _____26th_____ day of
_____March_____, in the year of our Lord two thousand _14_.

A TRUE COPY, ATTEST

_Michael Joseph Donovan_

DEPUTY SHERIFF
DATE 4-29-14

Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev. 20M-10/11

COMMONWEALTH OF MASSACHUSETTS

Suffolk, ss                                                    Civil#:  13-3351-C

| | |
|---|---|
| IMPOUNDED NAME "STUDENT" | ) |
| BSEA NO. 1301349 | ) |
| **Plaintiff** | ) |
| | ) |
| vs. | ) |
| | ) |
| REECE ERLICHMAN | ) |
| Director, | ) |
| COMMONWEALTH OF MASSACHUSETTS | ) |
| DIVISION OF ADMINISTRATIVE LAW APPEALS | ) |
| BUREAU OF SPECIAL EDUCATION APPEALS | ) |
| | ) |
| And | ) |
| | ) |
| QUINCY PUBLIC SCHOOLS | ) |
| LOCAL EDUCATION AGENCY | ) |
| **Defendants** | ) |
| | ) |
| | ) |

## **AMENDED COMPLAINT**

### INTRODUCTION

Plaintiff, Impounded Name "Student"; BSEA NO. 1301349 brings this amended action to appeal the final decision of the Bureau of Special Education Appeals (BSEA), a Division of Administrative Law Appeals (DALA) pursuant to the Individuals with Disabilities Education Act("IDEA"), 20 USC Sec. 1400 et seq., Section 504 of the Rehabilitation Act of 1973 (29USC Sec. 794); the Massachusetts special education statute or "Chapter 766,"(MGL c.71B) and the Massachusetts Administrative Procedures Act (MGL c. 30A), as well as the regulations promulgated under these statutes.  This amended complaint adds defendant Quincy Public Schools (Quincy, School, QPS) as Local Educational Agency (LEA) responsible for providing free and appropriate public education pursuant to the Individuals with Disabilities Education Act("IDEA"), 20 USC Sec. 1400 et seq., Section 504 of the Rehabilitation Act of 1973 (29USC Sec. 794); the Massachusetts special education statute or "Chapter 766,"(MGL c.71B) and the Massachusetts Administrative Procedures Act (MGL c. 30A), as well as the regulations promulgated under these statutes.

QPS and the BSEA decision are in violation of constitutional provisions, based upon an error of law, unsupported by substantial evidence; unwarranted by facts found by the court on the record

as submitted or as amplified pursuant to the IDEA, 20 USC Section 1400, et seq., and the Massachusetts special education statute, G.L. c. 71B ("Chapter 766") and M.G.L. 30A, §14 (6), in those instances where the court is constitutionally required to make independent findings of fact, or arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law.

Plaintiff seeks reversal of the BSEA decision and an order of this Court requiring compensatory special educational supports and services for basic vocational technical training in computers including independent evaluations and related on the job training supports and transportation costs.

## JURISDICTION

Jurisdiction of the plaintiff's cause of action is conferred upon the Superior Court by G.L.c30A, §14.

## PARTIES

1.    The plaintiff, Student, is a 22 year, 6 month old, young man, who resides in Quincy, Massachusetts in Norfolk County.

2.    Student has an Affidavit of Indigency on file with this court.  He is represented Pro Se because he cannot afford legal advice and because his guardians have been unsuccessful finding pro bono legal representation.

3.    The Defendant, Bureau of Special Education Appeals, BSEA, derives its authority from both federal law and regulations (the Individuals with Disabilities Education Act, "IDEA") and Massachusetts law and regulations. (MGL c. 71B) and is the agency charged under these laws with the responsibility for taking cognizance of all matters affecting the welfare of students with disabilities including transition evaluations, transition planning, transition supports and services to all students within special education who are approaching adulthood, beginning at age 14 in Massachusetts. (See G.L. c 71B).   The BSEA agency is an independent subdivision of the Division of Administrative Law Appeals located at One Congress Street, 11th Floor, Boston, MA 02114.

4.    The Defendant, Quincy Public Schools, QPS, also derives its authority from both federal law and regulations (the Individuals with Disabilities Education Act, "IDEA") and Massachusetts law and regulations. (MGL c. 71B) and also is charged under these laws with the responsibility for taking cognizance of all matters affecting the welfare of students with disabilities including free and appropriate education (FAPE), transition evaluations, transition planning and transition services to all students within special education who are approaching adulthood, beginning at age 14 in Massachusetts. (See G.L. c 71B). QPS mailing address is 70 Coddington Street, Quincy, MA 02169

## FACTS

5.    The student was born and raised in Massachusetts and turned 22 years of age in April 2013.

6.    Student lives, since birth, with his mother and father in Quincy, MA.  Student's brother also lived with the student and parents, until July 1, 2011 at which time his brother turned 22 and moved into a Massachusetts Department of Disabilities Service (DDS) residence.

7.    Student has significant, well-documented developmental disabilities which include Autism reminiscent of a Savant, intellectual disabilities, social disabilities and receptive, expressive and pragmatic language disabilities.

8.    There is no dispute that between the ages of three and twenty-one, Student was a school-aged child with a disability who was eligible for special education.

9.    Student was a high school student for seven school years in two separate facilities. He was enrolled in North Quincy High School (NQHS) four years from September 2006 to September 7, 2010 and received special education and related supports and services with a 1:1 inclusion specialist and a 1:1 aide.  He was enrolled in Vocational Technical Center (VTC) in the South Coastal Educational Collaborative (SCEC) located in Seekonk, MA from September 2010 to April 2013 with a 1:1 aide with over 75% of program time in need of special educators and related service providers.

10.   Placement Timeline
      • Full Inclusion 2006 to August 2009 NQHS, Middle and Elementary School Years.
      • September 2009 - Placement change - Full Inclusion to Most Restrictive Environment (MRE) in Intensive Special Needs Center (ISNC) for MCAS Science Prep, study and homeroom.
      • April 10, 2010 Team developed IEP.  Meeting stopped after IEP developed without follow-up placement discussion about current placement.
      • April 11, 2010; Placement proposal- Day after TEAM meeting - Unilateral decision by special education director to send student to outplacement and not reconvene team to discuss current placement.
      • August 2010 –Placement proposal- Student accepted by South Coastal Educational Collaborative (SCEC) in Seekonk, MA after intake.
      • September 1, 2010 - Placement change — Outplacement taken away by special education director over MCAS dispute with outplacement director.
      • September 2, 2010 – Placement change - Superintendent gave outplacement back to student and ordered reconvene of TEAM.
      • September 7, 2010 - TEAM was not reconvened so parent asked for and signed IEP amendment and placement sheet to address MCAS dispute between district and collaborative and "vocational training only" status

distinct from other pre-vocational, MCAS prep high school or other placements offered by the collaborative.

- April 2013 – Special education placement ended when student turned 22.

11.  Postsecondary Vision Timeline
- Student interest beginning age 16: computer worker.
- 2008-2009 Intro to computers grades 84, 87, 85 and 90 (S94).
- January 2009 – Minor's vision: postsecondary education for computer assisted drawing and engineering.
- July 2009 - Permanent guardianship granted in Norfolk Probate Court because the student is mentally retarded to a degree that he is incapable to make informed decisions with respect to matters concerning his personal health, safety, education, social, housing, economic, legal and general welfare matters. A 688 district referral made to the Department of Mental Retardation (DMR) changed student's postsecondary vision from postsecondary education to postsecondary employment.
- August 2009 – Student enrolled in computers.
- September 2009 – Registered computer course delayed by district after un-enrolling student from computer courses for MCAS portfolio thought not to have been sent to DESE in the spring of 2009.
- October 2009 – DESE issued scores for MCAS portfolio sent to DESE in the spring of 2009
- Spring 2010- district re-enrolled student in computer course for fall 2010
- August 2010 - Proposed schedule for fall 2010, before enrollment, delayed computer instruction based on academics for MCAS and exploratory policy.
- September 2010  - Course schedule for fall 2010 revised, after enrollment, again without student or guardian input, in the only two offered exploratory choices; Baking and Woodworking.
- November 2010 IEP "rejection in part" sent to BSEA when Student input not considered for goals.
- May 2011 Parent and Student course input and vision again excluded narrowed by district to reflect only continuation with chef and carpenter for pre-vocational exploration until Student interest identified by district.
- May 2012 Student computer preference and interest finally identified by district in writing, entered into IEP goal and Transition Planning Form (TPF), yet IEP partially rejected because no computer course, no computer instructor, no new computer learning, no on-the-job computer employment opportunities and continuation of pre-vocational exploration with chef and carpenter.

12.  August 27, 2012 – Hearing request filed.

13.  September 2012 – Massachusetts Rehabilitation Commission (MRC) intake for adult eligibility services following DDS ineligibility decision and appeal.

14.  October 3, 2012 – BSEA pre-hearing conference held.

15.  December 6, 2012 – Facilitated IEP Team meeting. IEP "rejected in full" because IEP still withheld new computer course learning with special educators and appropriate goals and objectives in school and community.

16.  April 2013 – Student found ineligible for MRC direct services.

17.  Hearing dates were January 30, March 20 and 26, April 4, 5 and 12, 2013 for a total of six meetings.

18.  The record consists of Plaintiff/Pupil (P) exhibits P1 through P190, Defendant/School (S) exhibits S1 through S119 and tape recorded testimony and argument.

19.  There are no independent expert reports in the high school record for the Student. Parent's attempts for pro bono expert representation for hearing were unsuccessful. Reports from the district's credentialed expert, Amy Laurent were relied upon in hearing by Plaintiff due to Student and parents' indigent status.

20.  The Student had three-year-re-evaluations in 2009 and 2012.

21.  May 10, 2013 – Written closing arguments were submitted by both parties. The school filed an objection to the Student's closing arguments, Parent responded to the objection on May 20, 2013 and the record closed on May 20, 2013.

22.  June 28, 2013 – Hearing decision issued.

23.  September 6, 2013 Complaint filed in this matter

24.  September 25, 2013 – Summons, tracking order, affidavit of indigency, complaint, copy of decision and request for administrative record sent to Attorney General's Office – Civil Rights Decision, One Ashburton Place, Boston, MA 02108 via certified mail.

25.  November 22, 2013 – Complaint amended this day to add defendant Quincy Public Schools, as a necessary party, in response to November 4, 2013 letter from Attorney General's Office.

26.  Student is currently on remand from Suffolk Superior Court to DDS for expedited eligibility hearing.

27.  There is no dispute that Student received life skills, pre-vocational exploration and speech and language services; planning components for transitioning students regardless of post-secondary education paths or post-secondary career paths.

28.   Guardians continue to seek pro bono legal representation on behalf of this educable Student who aged out of his vocational technical center without vocational status or employment opportunities in the community for baking, woodworking or his life-long preferred computers.

## CAUSES OF ACTION

The Defendants, QPS special education services and evaluations for Student and the BSEA final administrative decision are actionable under G.L. c 30A, §14 (7). The causes of action are as follows:

1.   The decision and lack of vocational training and transitional evaluations violates the constitutional guarantee of due process.

2.   The decision is based upon an error of law.

3.   The decision is unsupported by substantial evidence.

4.   The decision is unwarranted by facts found by the court on the record as submitted or as amplified pursuant to the IDEA, 20 USC Section 1400, et seq., and the Massachusetts special education statute, G.L. c. 71B ("Chapter 766") and M.G.L. 30A, §14 (6), in those instances where the court is constitutionally required to make independent findings of fact.

5.   The decision is arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:

1.   Assume jurisdiction over this action.

2.   Reverse the final decision of June 28, 2013 and order Plaintiff eligible for compensatory services for vocational training based on his needs and interests, transitional evaluations and transportation to and from training and testing.

3.   Grant such other and further relief as this Court may deem just and equitable.

Date: November 22, 2013

Respectfully submitted,

Eileen Mullen
Pro Se

6 of 7

NOTE: PAGE 7 OF 7 IS SUMMONS TO BE DELIVERED BY SHERIFF

# Commonwealth of Massachusetts
## County of Suffolk
### The Superior Court

CIVIL DOCKET# **SUCV2013-03351-C**

RE:  **Student Impounded Name v Bureau of Special Education Appeals et al**

TO: Eileen M Mullen, Guardian
17 Trafford Street
Quincy, MA 02169

## TRACKING ORDER - X TRACK
### (Administrative Agency Appeal - 30A)

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

For claims filed pursuant to G.L. c. 30A, sec. 14, G.L. c. 249, sec. 4 or similar statutes, please also refer to Superior Court Standing Order 1-96 and the tracking deadlines set forth in that Order. In particular, note that a request for a copy of the transcript of the agency hearing testimony must be made by a party within thirty (30) days after service of the Complaint. The administrative agency whose proceedings are to be judicially reviewed shall, by way of answer, file the original or certified copy of the record of the proceeding under review (the record) within ninety (90) days after service of the Complaint. In addition, a motion pursuant to Mass. R. Civ. P. 12(c) for judgment on the pleadings and supporting memorandum shall be served within thirty (30) days of the service of the record or of the Court's decision on any motion specified in paragraph 3 of Superior Court Standing Order 1-96, whichever is later.

| STAGES OF LITIGATION | DEADLINES |
|---|---|
| Service of process made and return filed with the Court by | 12/19/2013 |
| case shall be resolved and judgment shall issue by **09/15/2014**. | 09/15/2014 |

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

Dated: 04/25/2014

Michael Joseph Donovan
Clerk of the Court

Location: CtRm 313, 3 Pemberton Square, Boston
Telephone: 617-788-8172

**COMMONWEALTH OF MASSACHUSETTS**
**COUNTY OF** SUFFOLK
**THE SUPERIOR COURT**



Civil Action No.   13-03351C

Impounded Name "Student"

Plaintiff(s)

VS.

Reece Erlichman, Director Bureau Special (BSEA)
Education and co-defendant Quincy Public Schools
Defendant(s)

**REQUEST FOR DEFAULT**
**(Pursuant to Mass.R.Civ.P. 55(a))**

I, the undersigned ~~attorney~~ Pro se, for the above named Plaintiff Impounded Name "Student" BSEA #1301349

state that the complaint in which a judgment for affirmative relief is sought against the defendant (s) herein,

was filed on 11/22/2013        and the summons and a copy of the complaint have been served on the Defendant(s) herein on   11/24/14 & 1/17/14        as appears from the officer's return; that the time within which the Defendamt(s) shall serve a responsive pleading or otherwise defend pursuant to Rule 12 (a), has expired and the defendant(s) herein has/have failed to serve or file an answer or otherwise defend as to the complaint.

WHEREFORE, the Plaintiff make application that the Defendant(s)

First defendant responded. Courtesy given to second co-defendant Quincy Public Schools when 20 days went by without response per clerk of courts. It has been 20 days since second amended complaint received by Quincy Public Schools on 1/17/14 given allowances for school closings due to snow days holiday

be defaulted. & school vacation in February

SIGNED UNDER THE PENALTIES OF PERJURY

Dated        7/16/08
             1/26/14

*(handwritten notes)*
Attachments: First amended complaint/summons
+ proof of service 11/24/13
Second amended complaint/summons
+ proof of service 1/17/14 original
papers to co-defendant BSEA attorney 1/15/14
Four affidavit of indigency R.R. 1263
Notice to file default Quincy Public Schools to
BSEA attorney 1/26/14 + proof of service

Signature: *(signature)*

Print name:        Eileen Mullen (Pro Se)

Address:        17 Trafford Street

Address:

City/State/Zip        Quincy, MA 02169

Phone Number        6177704577

**SENDER: COMPLETE THIS SECTION**

- ☒ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ☒ Print your name and address on the reverse so that we can return the card to you.
- ☒ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

R. Dechristofaro
Superintendent
Quincy Public Schools
70 Coddington St.
Quincy, MA
02169

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Robert LG Bice_    ☐ Agent  ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7010 2780 0001 0158 5047

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
C.A. No. 13-3351-C

---

IMPOUNDED NAME "STUDENT,"

Plaintiff,

v.

REECE ERLICHMAN, DIRECTOR, BUREAU OF
SPECIAL EDUCATION APPEALS and QUINCY PUBLIC
SCHOOLS,

Defendants.

---

### LIMITED ENTRY OF APPEARANCE, OPPOSITION TO ENTRY OF DEFAULT, AND MOTION TO STRIKE REQUEST FOR DEFAULT

The Quincy Public Schools enters a limited appearance in this action for the sole purpose of contesting service of process, opposing plaintiff's request for default, and moving to strike the request for default. The Quincy Public Schools has not been properly served with process in this case and does not submit to the jurisdiction of the Court or waive service of the summons. Accordingly, there is no basis for entry of default and the request should be stricken.

This motion is supported by the Affidavit of Dr. Richard DeChristofaro, the Affidavit of Judith Todd, and the memorandum of law filed herewith.

DATED at Quincy, Massachusetts, this 6th day of March, 2014.

Quincy Public Schools
By its attorney,

Doris R. MacKenzie Ehrens
BBO #544252
Murphy, Hesse, Toomey & Lehane, LLP
300 Crown Colony Drive, Suite 410
Quincy, MA 02169
(617) 479-5000

## CERTFICATE OF SERVICE

I, Doris R. MacKenzie Ehrens, hereby certify that on this 10th day of March, 2014, I served a true copy of the foregoing upon plaintiff's guardian, *pro se*, Eileen Mullen, 17 Trafford Street, Quincy, MA 02169 and upon counsel of record for Reece Erlichman, Director, Bureau of Special Education Appeals, Julia Kobrick, Assistant Attorney General, Office of Martha Coakley, Attorney General, One Ashburton Place, 20th Floor, Boston, MA, by first class mail, postage prepaid.

Doris R. MacKenzie Ehrens

- 2 -

**COMMONWEALTH OF MASSACHUSETTS**

SUFFOLK, ss.                                                    SUPERIOR COURT
                                                               C.A. No. 13-3351-C

---

IMPOUNDED NAME "STUDENT,"

                    Plaintiff,

v.

REECE ERLICHMAN, DIRECTOR, BUREAU OF
SPECIAL EDUCATION APPEALS and QUINCY PUBLIC
SCHOOLS,

                    Defendants.

---

## MEMORANDUM IN SUPPORT OF LIMITED ENTRY OF APPEARANCE, OPPOSITION TO ENTRY OF DEFAULT, AND MOTION TO STRIKE REQUEST FOR DEFAULT

The Quincy Public Schools (Quincy) has not been properly served with process. It

appears here now for the limited purpose to contest service of process because it has never been

served with a summons, oppose entry of default, and strike the request for default. Quincy is not

submitting to the jurisdiction of the Court and does not waive service of a summons.

Service of a summons is not mere formality. "Personal jurisdiction on defendant [Quincy

Public Schools] is obtained only if plaintiff: (1) serves a copy of the summons and complaint on

the [defendant]." Vargas v. Potter, 792 F. Supp. 2d 214, 216 (D.P.R. 2011).

> Service of process, under longstanding tradition in our system of
> justice, is fundamental to any procedural imposition on a named
> defendant. In the absence of such service (or waiver of service by
> the defendant), a court ordinarily may not exercise power over a
> party the complaint names as defendant…Accordingly, one
> becomes a party officially, and is required to take action in that
> capacity, *only upon service of a summons* or other authority-
> asserting measure stating the time within which the party served
> must appear and defend.

Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344-45 (1999).

Massachusetts Rules of Civil Procedure, Rule 4, specifies the requirements for service of process. After commencing a civil action, "the plaintiff…shall deliver a copy of the complaint *and a summons for service* to the sheriff…or as otherwise provided…Upon request of the plaintiff separate or additional summons shall issue against any defendant." Civil Rule 4(a). Among other things, the summons bears the signature or facsimile signature of the clerk, is under the seal of the court, states the time within which the defendant must appear and defend, and notifies the defendant that if it does not, judgment by default may be rendered against it for the relief demanded in the complaint.

"Unless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." 526 U.S. at 345. The summons makes service "official." Without it, the defendant is under no obligation to answer or defend, and, in fact, as in this case where the plaintiff asserts she sent two amended complaints, does not know if the complaint received is the one he or it needs to answer.

Proper service of a *summons* and complaint is more than form over substance. Proper service informs the defendant that a legal action has actually been commenced in court. It commences timelines, including the time within which a defendant must for example, remove a case to federal court, as well as answer or otherwise defend. Without it, a complaint or amended complaint is nothing more than a suggestion that a person may file suit. The formality of the summons cannot be overlooked.

Plaintiff's request for default claims she served a summons and copy of the complaint, Quincy has never seen or been served with a summons. Affidavit of Dr. Richard DeCristofaro in

Support of Limited Entry of Appearance and Motion to Strike Request for Default (DeCristofaro Aff.), ¶2; Affidavit of Judith Todd in Support of Limited Entry of Appearance and Motion to Strike Request for Default (Todd Aff.), ¶2.  According to the request for default, the alleged proof of service is a return receipt and a "Certificate of Service" claiming she sent a copy of a November 22, 2013, amended complaint to Judith Todd, Quincy's Director of Special Education. "Despite plaintiff's assurances of proper service, Domestic Return Receipts do not prove the content of documents submitted." Vargas, 792 F. Supp. 2d at 217.  Likewise, "actual notice or knowledge of suit, eventual receipt, or a delay in challenging the service of the summons does not validate the service or the return." 792 F. Supp. 2d at 218.

The docket for this case does not reflect that plaintiff filed a return of service with a copy of the summons.  Even if she had, and the return created a presumption of proper service, a defendant can challenge the presumption.  "[O]nce challenged, plaintiffs have the burden of proving proper service." Id. at 216, *citing* Rivera–Lopez v. Municipality of Dorado, 979 F.2d 885, 887 (1st Cir.1992).  Dr. Richard DeCristofaro, Quincy's Superintendent of Schools, attests that he did not receive a summons. DeCristofaro Aff., ¶2; Todd Aff., ¶2.  Judith Todd, who received a copy of an amended complaint in November, 2013, attests that she did not receive a summons either, though service on her as Quincy Public Schools' Director of Special Education would not have been proper service on the Quincy Public Schools or the Quincy School Committee in any event.

Plaintiff's request for default must be stricken as premature since Quincy has not been properly served with a Summons.

DATED at Quincy, Massachusetts, this 6th day of March, 2014.

                                    Quincy Public Schools
                                    By its attorney,


                                    _Doris R. MacKenzie Ehrens_
                                    Doris R. MacKenzie Ehrens, BBO #544252
                                    Murphy, Hesse, Toomey & Lehane, LLP
                                    300 Crown Colony Drive, Suite 410
                                    Quincy, MA 02169
                                    (617) 479-5000


## CERTFICATE OF SERVICE

I, Doris R. MacKenzie Ehrens, hereby certify that on this 10th day of March, 2014, I served a true copy of the foregoing upon plaintiff's guardian, *pro se*, Eileen Mullen, 17 Trafford Street, Quincy, MA 02169 and upon counsel of record for Reece Erlichman, Director, Bureau of Special Education Appeals, Julia Kobrick, Assistant Attorney General, Office of Martha Coakley, Attorney General, One Ashburton Place, 20th Floor, Boston, MA, by first class mail, postage prepaid.

                                    _Doris R. MacKenzie Ehrens_
                                    Doris R. MacKenzie Ehrens


- 4 -

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
C.A. No. 13-3351-C

IMPOUNDED NAME "STUDENT,"

Plaintiff,

v.

REECE ERLICHMAN, DIRECTOR, BUREAU OF
SPECIAL EDUCATION APPEALS and QUINCY PUBLIC
SCHOOLS,

Defendants.

## AFFIDAVIT OF JUDITH TODD IN SUPPORT OF
## LIMITED ENTRY OF APPEARANCE,
## OPPOSITION TO ENTRY OF DEFAULT, AND
## AND MOTION TO STRIKE REQUEST FOR DEFAULT

Judith Todd, being first duly sworn, states of her own personal knowledge:

1.    I am the Director of Special Education of the Quincy Public Schools.

2.    In November, 2013, I received a copy of an "Amended Complaint" from the
plaintiff's guardian.  There was no Summons with it.  I have never seen a summons for this case.

3.    Even if there had been a summons with that document, I am not the chairperson
or other chief executive officer of the Quincy Public Schools and am not authorized to accept
service on behalf of the Quincy Public Schools.

Signed under the pains and penalties of perjury this  6th day of March, 2014.

Judith Todd
Judith Todd

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                             SUPERIOR COURT
                                                        C.A. No. 13-3351-C

IMPOUNDED NAME "STUDENT,"

                        Plaintiff,

                        v.

REECE ERLICHMAN, DIRECTOR, BUREAU OF
SPECIAL EDUCATION APPEALS and QUINCY PUBLIC
SCHOOLS,

                        Defendants.

## AFFIDAVIT OF DR. RICHARD DECRISTOFARO IN SUPPORT OF LIMITED ENTRY OF APPEARANCE, OPPOSITION TO ENTRY OF DEFAULT, AND AND MOTION TO STRIKE REQUEST FOR DEFAULT

Dr. Richard DeCristofaro, being first duly sworn, states of his own personal knowledge:

1.      I am the Superintendent of the Quincy Public Schools.

2.      Although I received a copy of what purports to be the plaintiff's Amended
Complaint, I have never been served with a Summons and have not waived service of the
Summons.

Signed under the pains and penalties of perjury this 6th day of March, 2014.

                                        _____
                                        Dr. Richard DeCristofaro

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                           SUPERIOR COURT
                                                      C.A. No. 13-3351-C

---

IMPOUNDED NAME "STUDENT,"

                    Plaintiff,

                    v.

REECE ERLICHMAN, DIRECTOR, BUREAU OF
SPECIAL EDUCATION APPEALS and QUINCY PUBLIC
SCHOOLS,

                    Defendants.

---

## ASSENTED-TO MOTION OF THE BUREAU OF SPECIAL EDUCATION APPEALS TO IMPOUND ADMINISTRATIVE RECORD

Pursuant to Rule 2 of Trial Court Rule VIII, Uniform Rules on Impoundment Procedure, defendant Reece Erlichman, in her capacity as Director of the Bureau of Special Education Appeals ("BSEA"), respectfully moves to impound the record of administrative proceedings to be filed in this case.  The BSEA seeks impoundment of the record in order to protect the privacy interests of the Student who is the subject of this appeal under M.G.L. c. 30A, § 14, and the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.* The administrative record has numerous references to Student's first name and last name and extensive information about Student's medical history, special needs, and educational history.  In accordance with Rule 2, the BSEA will await a ruling by the Court on this motion prior to filing the administrative record with the Court.

Pursuant to Rule 7 of Trial Court Rule VIII, a court may order impoundment "for good cause shown and in accordance with applicable law."  As the Supreme Judicial *Court repeatedly* has stated, "'[i]t is within the discretion of a court to impound its files in a case and to deny

public inspection of them, and that is often done when justice so requires.'" *H.S. Gere & Sons, Inc. v. Frey*, 400 Mass. 326, 329 (1987) (quoting *Sanford v. Boston Herald-Traveler Corp.*, 318 Mass. 156, 158 (1945)). Moreover, "a legitimate expectation of privacy ordinarily is sufficient to constitute good cause." *Frey*, 400 Mass. at 330.

Here, impoundment is warranted because the record contains extensive documentation of Student's medical records and special needs, as to which he has a "legitimate expectation of privacy." *See id.* at 329–32 (upholding trial court's refusal to lift impoundment order applicable to materials contained in criminal case file because, notwithstanding newsworthy nature of the criminal case, parties were not public officials; parties had legitimate expectation of privacy and nature of information was "intensely personal"; and material included depositions relating to various third parties who "may have expected that the depositions would not be made public"). *Cf.* G.L. c. 4, § 7(26)(c) (exempting, from definition of "public records," "medical files" and "any other materials or data relating to a specifically named individual, the disclosure of which may constitute an unwarranted invasion of personal privacy").

For the foregoing reasons, the BSEA respectfully requests that the Court issue findings and enter an order permanently impounding the administrative record to be filed by the BSEA and limiting access to the administrative record to those parties set forth in Rule 9 of Trial Court Rule VIII. The BSEA attaches proposed findings and a proposed form of order as Exhibit A to this motion.

The BSEA further requests that the Court waive the filing requirements of Superior Court Rule 9A in connection with this motion, so that the BSEA may file the administrative record as expeditiously as possible.

Respectfully submitted,

REECE ERLICHMAN, DIRECTOR,
BUREAU OF SPECIAL EDUCATION
APPEALS,

By her attorney,

MARTHA COAKLEY
ATTORNEY GENERAL

_Julia Kobick_

Julia Kobick, BBO # 680194
Assistant Attorney General
Government Bureau
Office of the Attorney General
One Ashburton Place
Boston, Massachusetts  02108
(617) 963-2559
julia.kobick@state.ma.us

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above
document was served upon the attorney of
record for each other party by (mail) (by hand)
on ___3/12/14___.
___Julia Kobick___

Dated: March 12, 2014

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                            SUPERIOR COURT
                                                       C.A. No. 13-3351-C

IMPOUNDED NAME "STUDENT,"

                        Plaintiff,

                        v.

REECE ERLICHMAN, DIRECTOR, BUREAU OF
SPECIAL EDUCATION APPEALS and QUINCY PUBLIC
SCHOOLS,

                        Defendants.

## AFFIDAVIT IN SUPPORT OF BUREAU OF SPECIAL EDUCATION APPEALS' ASSENTED-TO MOTION TO IMPOUND ADMINISTRATIVE RECORD

1.  I am the Assistant Attorney General representing defendant Reece Erlichman, in her capacity as Director of the Bureau of Special Education Appeals ("BSEA"), in this matter. Pursuant to Rule 2 of Trial Court Rule VIII, Uniform Rules on Impoundment Procedure, I submit this affidavit in support of the BSEA's motion to impound the administrative record to be filed by the BSEA.

2.  In this action, "Student," whose name is impounded in the caption of this case, challenges the BSEA's determination that Quincy Public Schools provided him a free and appropriate public education and was not responsible for providing him compensatory services. The administrative record has numerous references to Student's first name and last name and extensive information about Student's medical history, special needs, and educational history.

3.  The BSEA seeks to impound the administrative record in order to protect Student's privacy interests.

4.  I have consulted with counsel for Quincy Public Schools and with Student's guardian.

Both parties have assented to the BSEA's motion to impound the administrative record.


Signed under the pains and penalties of perjury this 12th day of March, 2014.


Julia Kobick
Assistant Attorney General

# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                                    SUPERIOR COURT
                                                               C.A. No. 13-3351-C

---

IMPOUNDED NAME "STUDENT,"

                    Plaintiff,

                    v.

REECE ERLICHMAN, DIRECTOR, BUREAU OF
SPECIAL EDUCATION APPEALS and QUINCY PUBLIC
SCHOOLS,

                    Defendants.

---

## PROPOSED FINDINGS AND ORDER ON MOTION
## FOR IMPOUNDMENT OF THE ADMINISTRATIVE RECORD

1.  The Administrative Record contains extensive documentation of the medical history, special needs, and educational history of the plaintiff, Impounded Name "Student" ("Student").

2.  Pursuant to Rule 7 of Trial Court Rule VIII, a court may order impoundment "for good cause shown and in accordance with applicable law." Student's legitimate expectation of privacy in his medical records and history of special needs constitutes "good cause" for impoundment. *See H.S. Gere & Sons, Inc. v. Frey*, 400 Mass. 326, 330 (1987) ("a legitimate expectation of privacy ordinarily is sufficient to constitute good cause").

Wherefore, pursuant to Rule of Trial Court Rule VIII, Uniform Rules on Impoundment Procedure, the Administrative Record in this case is permanently impounded. The Clerk is directed to limit access to the Administrative Record to the parties set forth in Rule 9 of Trial Court Rule VIII, namely, the Court, the attorneys of record, the parties to the case, and the Clerk.

SO ORDERED.

 

 

                                  _____

                                  Justice, Superior Court

**Commonwealth of Massachusetts**
**County of Suffolk**
**The Superior Court**

CIVIL DOCKET# **SUCV2013-03351**

RE: **Student Impounded Name v. Bureau of Special Education Appeals, et al**.

TO: Doris R Mackenzie Ehrens, Esquire
Murphy Hesse Toomey & Lehane
300 Crown Colony Drive
PO Box 9126
Quincy, MA 02169

## NOTICE TO APPEAR FOR MOTION HEARING

The Court will hear argument on the motion referenced below

**Motion/Hearing: miscellaneous - (Lmtd Entry of Appearance)**
**Opposition to Entry of Default and Motion to Strike Request for**
**Default**

Counsel should appear as follows:

DATE: **4/24/2014**
TIME: **2:00 PM**
LOCATION: **CtRm 313, 3 Pemberton Square, Boston**

Dated at Boston, Massachusetts this 17th day of March, 2014.

Michael Joseph Donovan,
Clerk of the Courts

BY:

Beatriz E. Van Meek
Assistant Clerk

Telephone: 617-788-8172

# Commonwealth of Massachusetts
## County of Suffolk
## The Superior Court

CIVIL DOCKET#: **SUCV2013-03351-C**

RE:   Student Impounded Name v Bureau of Special Education Appeals et al

TO:   Doris R Mackenzie Ehrens, Esquire
Murphy Hesse Toomey & Lehane
300 Crown Colony Drive
PO Box 9126
Quincy, MA 02169

_____

### NOTICE OF DOCKET ENTRY

You are hereby notified that on **03/13/2014** the following entry was made on the above referenced docket:

**defendant Bureau of Special Education Appeals assented to MOTION for Impoundment of administrative record and Affidavit.**
Dated at Boston, Massachusetts this 18th day of March, 2014.

Michael Joseph Donovan,
Clerk of the Courts

BY: Timothy Walsh
Assistant Clerk

Telephone: 617-788-8172

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130 cvdgeneric_2.wpd 4470344 motimpou dicensom

03.17

# NOTIFY

**11**

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
C.A. No. 13-3351-C

IMPOUNDED NAME "STUDENT,"

Plaintiff,

v.

REECE ERLICHMAN, DIRECTOR, BUREAU OF
SPECIAL EDUCATION APPEALS and QUINCY PUBLIC
SCHOOLS,

Defendants.

### ASSENTED-TO MOTION OF THE BUREAU OF SPECIAL EDUCATION APPEALS TO IMPOUND ADMINISTRATIVE RECORD

Pursuant to Rule 2 of Trial Court Rule VIII, Uniform Rules on Impoundment Procedure, defendant Reece Erlichman, in her capacity as Director of the Bureau of Special Education Appeals ("BSEA"), respectfully moves to impound the record of administrative proceedings to be filed in this case.  The BSEA seeks impoundment of the record in order to protect the privacy interests of the Student who is the subject of this appeal under M.G.L. c. 30A, § 14, and the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.* The administrative record has numerous references to Student's first name and last name and extensive information about Student's medical history, special needs, and educational history.  In accordance with Rule 2, the BSEA will await a ruling by the Court on this motion prior to filing the administrative record with the Court.

Pursuant to Rule 7 of Trial Court Rule VIII, a court may order impoundment "for good cause shown and in accordance with applicable law."  As the Supreme Judicial Court repeatedly has stated, "'[i]t is within the discretion of a court to impound its files in a case and to deny

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                         SUPERIOR COURT
                                                    C.A. No. 13-3351-C

IMPOUNDED NAME "STUDENT,"                )
                                         )
                Plaintiff                )
                                         )
        v.                               )
                                         )
REECE ERLICHMAN, DIRECTOR, BUREAU        )
OF SPECIAL EDUCATION APPEALS and         )
QUINCY PUBLIC SCHOOLS,                    )
                                         )
                DEFENDANTS               )
                                         )
                                         )

## MOTION TO CORRECT IMPROPER SUMMONS AND REQUEST ASSISTANCE FOR PROPER SUMMONS

The Co-Defendant Quincy Public Schools contests service of process.  Although I thought I had, as Pro Se, correctly served a summons via service by regular certified mail with return receipt required, as specified on the affidavit of indigency it is not acceptable to Quincy Public Schools because at the time of sending the summons, tracking order and amended complaint  I did not use a sheriff or provide signature of the clerk and seal of the court on a summons with the tracking order specifying time within which the defendant must appear and defend.  Since the formality of the summons cannot be overlooked I wish to file this  request for necessary court documents required by Quincy Public Schools so that they will accept jurisdiction from a proper summons and service.

DATED at QUINCY, Massachusetts, this 17th day of March, 2014

Eileen Mullen
17 Trafford Street
Quincy, MA 02169
(617)77-4577

## CERTIFICATE OF SERVICE

I, Eileen Mullen, Pro Se, hereby certify that on 18th day of March, 2014, I served a true copy of the foregoing upon co-defendants Quincy Public Schools, Doris MacKenzie Ehrens (Murphy Hesse, Toomey & Lehane,LLP, 300 Crown Colony Drive, Suite 410, Quincy, MA 02169 )and BSEA Attorney Julia Kobrick at the Office of the Attorney General (One Ashburton Place, Boston, MA 02108), by first class mail.

SUFFOLK, SS.                                    SUPERIOR COURT
                                               C.A. No. 13-3351-C

| | |
|---|---|

IMPOUNDED NAME "STUDENT,"          )
                                   )
         Plaintiff                 )
                                   )
    v.                             )
                                   )
REECE ERLICHMAN, DIRECTOR, BUREAU  )
OF SPECIAL EDUCATION APPEALS and   )
QUINCY PUBLIC SCHOOLS,             )
                                   )
         DEFENDANTS                )
                                   )
                                   )

## MOTION TO REQUEST LEGAL ASSISTANCE

Plaintiff is requesting legal representation in above civil matter to appeal administrative hearing

decision.  Plaintiff has Affidavit of Indigency.  Guardians are both unemployed and not lawyers.

Plaintiff requests legal assistance given guardians do not have finances or experience litigating a

case against the Office of the Attorney General and the Quincy Public School's law firm.

Guardians have sought and continue to seek legal representation but cannot find legal

representation because of the large amount of billable hours necessary in this appeals case that

Massachusetts lawyers say they cannot give pro bono.  Complaint filed on behalf of Plaintiff in

the Fall of 2013 has been problematic for  despite using court pro se guide guardians, trying their

best with due diligence, have errored in the appropriate defendants causing amended complaint

as well as co-defendant contesting proper service of summons.

Respectfully Submitted

*Eileen Mullen*

Eileen Mullen Pro Se, 17 Trafford Street, Quincy, MA 02169 (617)770-4577

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorneys of record

(Julia Kobrick, Esq. Office of the Attorney General, One Ashburton Place, Boston, MA 02108

and Doris MacKenzie Ehrens, Esq. Murphy, Hesse, Toomey & Lehane, LLP, 300 Crown Colony

Drive, Suite 410, Quincy 02169 by hand on March 18, 2014

Eileen Mullen

Pro Se

17 Trafford Street

Quincy, MA 02169

(617)770-4577

Dated: March 18, 2014

SUFFOLK, SS.                                        SUPERIOR COURT
                                                   C.A. No. 13-3351-C


IMPOUNDED NAME "STUDENT,"        )
                                 )
          Plaintiff              )
                                 )
     v.                          )
                                 )
REECE ERLICHMAN, DIRECTOR, BUREAU )
OF SPECIAL EDUCATION APPEALS and )
QUINCY PUBLIC SCHOOLS,           )
                                 )
          DEFENDANTS             )
                                 )
                                 )

## MOTION TO REMOVE PLAINTIFF'S REQUEST FOR DEFAULT FOR CO-DEFENDANT QUINCY PUBLIC SCHOOLS

On February 26, 2014 Plaintiff filed a Request for Default for Co-Defendant Quincy

Public Schools in the above matter after contacting Quincy Public Schools in November 2013

and January 2014 and never receiving a response.  On March 12, 2014 Plaintiff received from

Co-Defendant Quincy Public Schools  correspondence that Quincy feels that the summons was

improper.  Plaintiff, therefore is seeking how to correct an improper summons to serve Quincy

and wishes to remove the Request for Default of February 26, 2014.


     Respectfully submitted

     _Eileen Mullen_ (signature)
     Eileen Mullen
     Pro Se
     17 Trafford Street
     Quincy, MA 02169
     (617)770-4577

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorneys of record (Julia Kobrick, Esq. Office of the Attorney General, One Ashburton Place, Boston, MA 02108 and Doris MacKenzie Ehrens, Esq. Murphy, Hesse, Toomey & Lehane, LLP, 300 Crown Colony Drive, Suite 410, Quincy 02169 by hand on March 18, 2014

Eileen Mullen
Pro Se
17 Trafford Street
Quincy, MA 02169
(617)770-4577


Dated: March 18, 2014

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                          SUPERIOR COURT
                                                     C.A. No. 13-3351-C

---

IMPOUNDED NAME "STUDENT,"               )
                                        )
                Plaintiff               )
                                        )
        v.                              )
                                        )
REECE ERLICHMAN, DIRECTOR, BUREAU       )
OF SPECIAL EDUCATION APPEALS and        )
QUINCY PUBLIC SCHOOLS,                  )
                                        )
                DEFENDANTS              )
                                        )
                                        )

---

## MOTION ADDITIONAL REQUEST FOR SERVICE OF SUMMONS TO BE MADE UNDER AFFIDAVIT OF INDIGENCY

Now comes the Plaintiff, with additional request for cost of service of process for summons to be paid by the Commonwealth under Affidavit of Indigency and served with tracking order and amended complaint, by the Sheriff to the Co-Defendant Quincy Public Schools given that objection of service has been made by the Quincy Public Schools attorney, Doris MacKenzie Ehrens, Esquire, of Murphy Hesse Toomey & Lehane, LLP, 300 Crown Colony Drive, Suite 410, Quincy, MA 02169.

Enclosed please find the amended complaint in the above matter adding the Quincy Public Schools as a necessary party to the Student's case, for delivery by Sheriff with summons.

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorneys of record
(Julia Kobrick, Esq. Office of the Attorney General, One Ashburton Place, Boston, MA 02108
and Doris MacKenzie Ehrens, Esq. Murphy, Hesse, Toomey & Lehane, LLP, 300 Crown Colony
Drive, Suite 410, Quincy 02169 by mail on March 21, 2014

Eileen Mullen
Pro Se
17 Trafford Street
Quincy, MA 02169
(617)770-4577


Dated: March 21, 2014
NOTE: This Certificate of Service is Attachment to Motion Additional Request for Service of
(1)Summons by Sheriff under Affidavit of Indigency with (2)Amended Complaint and
(3)Tracking Order-CIVIL DOCKET # SUCV 2013-03351-C

# Commonwealth of Massachusetts
## County of Suffolk
## The Superior Court

CIVIL DOCKET# **SUCV2013-03351**

RE:   **Student Impounded Name v.Bureau of Special Education Appeals, et al.**

TO:Doris R Mackenzie Ehrens, Esquire
    Murphy Hesse Toomey & Lehane
    300 Crown Colony Drive
    PO Box 9126
    Quincy, MA 02169

### NOTICE TO APPEAR FOR MOTION HEARING

The Court will hear argument on the motion referenced below

**Motion/Hearing: miscellaneous - Plt's Motion to Correct Improper
Summons and Request for Legal Assistance**

Counsel should appear as follows:

DATE:        **4/24/2014**
TIME:        **2:00 PM**
LOCATION:    **CtRm 313, 3 Pemberton Square, Boston**

Dated at  Boston, Massachusetts this 21st day of March, 2014.

Michael Joseph Donovan,
Clerk of the Courts

BY:

Beatriz E. Van Meek
Assistant Clerk

Telephone: 617-788-8172

Disabled individuals who need handicap accommodations should contact the Administrative Office of the
Superior Court at (617) 788-8130--*Check website as to status of case: http://ma-trialcourts.org/tcic*
cvchrgmot_2.wpd 909371 hrgmot vanmeek

# Commonwealth of Massachusetts
## County of Suffolk
## The Superior Court

*APR 30 2014*

CIVIL DOCKET#: **SUCV2013-03351-C**

RE:   Student Impounded Name v Bureau of Special Education Appeals et al

TO:   Doris R Mackenzie Ehrens, Esquire
      Murphy Hesse Toomey & Lehane
      300 Crown Colony Drive
      PO Box 9126
      Quincy, MA 02169

### <u>NOTICE OF DOCKET ENTRY</u>

You are hereby notified that on **03/18/2014** the following entry was made on the above referenced docket:

**Motion fo Eileen Mullen to correct improper summons and request assistance for proper summons**
Dated at Boston, Massachusetts this 29th day of April, 2014.

                                        Michael Joseph Donovan,
                                        Clerk of the Courts

                                        BY: Timothy Walsh
                                        Assistant Clerk

Telephone: 617-788-8172

**NOTIFY**

13

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                              SUPERIOR COURT
                                          C.A. No. 13-3351-C

*notice sent 04.29.14*

APR 30 2014

IMPOUNDED NAME "STUDENT,"        )
                                 )   Emm
            Plaintiff            )   JK
                                 )   AAG
       v.                        )   DRmE
                                 )   MHTH
REECE ERLICHMAN, DIRECTOR, BUREAU)   (mD)
OF SPECIAL EDUCATION APPEALS and )
QUINCY PUBLIC SCHOOLS,           )
                                 )
            DEFENDANTS           )
                                 )

_____

## MOTION TO CORRECT IMPROPER SUMMONS AND REQUEST ASSISTANCE FOR PROPER SUMMONS

The Co-Defendant Quincy Public Schools contests service of process.  Although I thought I had, as Pro Se, correctly served a summons via service by regular certified mail with return receipt required, as specified on the affidavit of indigency it is not acceptable to Quincy Public Schools because at the time of sending the summons, tracking order and amended complaint I did not use a sheriff or provide signature of the clerk and seal of the court on a summons with the tracking order specifying time within which the defendant must appear and defend.  Since the formality of the summons cannot be overlooked I wish to file this request for necessary court documents required by Quincy Public Schools so that they will accept jurisdiction from a proper summons and service.

*[handwritten left margin, rotated:]* 4/24/14 Allowed. Plaintiff shall serve her amended complaint and a summons (to be secured from the Clerk's office) upon the defendant by a deputy sheriff on the individual and at the address provided to her in open court. AFRosen, J.Sc.

03.21

SUFFOLK, SS.                    **NOTIFY**           SUPERIOR COURT
                                                     C.A. No. 13-3351-C

APR 30 2014

IMPOUNDED NAME "STUDENT,"              )
                                       )
           Plaintiff                   )
                                       )
    v.                                 )
                                       )
REECE ERLICHMAN, DIRECTOR, BUREAU      )
OF SPECIAL EDUCATION APPEALS and       )
QUINCY PUBLIC SCHOOLS,                 )
                                       )
           DEFENDANTS                  )
                                       )

## MOTION TO REMOVE PLAINTIFF'S REQUEST FOR DEFAULT FOR CO-DEFENDANT QUINCY PUBLIC SCHOOLS

On February 26, 2014 Plaintiff filed a Request for Default for Co-Defendant Quincy

Public Schools in the above matter after contacting Quincy Public Schools in November 2013

and January 2014 and never receiving a response.  On March 12, 2014 Plaintiff received from

Co-Defendant Quincy Public Schools  correspondence that Quincy feels that the summons was

improper.  Plaintiff, therefore is seeking how to correct an improper summons to serve Quincy

and wishes to remove the Request for Default of February 26, 2014.

Notice sent
04.29.14

Emm
TK
MAG
ORME
MHTH

(MDJ

Respectfully submitted

*Eileen D Mullen*

Eileen Mullen
Pro Se
17 Trafford Street
Quincy, MA 02169
(617)770-4577